Priority ✓
Send ✓
Enter ✓
Closed ———
JS-5/JS-6 ———
JS-2/JS-3 ———
Scan Only ———

FILED
CLERK, U.S. DISTRICT COURT

FEB 1 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD EDWARD KASTLE,<br><br>                    Petitioner,<br><br>vs.<br><br>MIKE S. EVANS (WARDEN),<br>ET AL.,<br><br>                    Respondents.<br>_____ | Case No. CV 07-4730-SGL(RC)<br><br>ORDER ADOPTING FINAL REPORT AND<br>RECOMMENDATION OF UNITED STATES<br>MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Final Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's objections, and has made a de novo determination.

IT IS ORDERED that (1) the Final Report and Recommendation is approved and adopted; (2) the Final Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered dismissing the habeas corpus petition and action as untimely.

1    IT IS FURTHER ORDERED that the Clerk shall serve copies of this

2  Order, the Magistrate Judge's Final Report and Recommendation and

3  Judgment by the United States mail on the parties.

4

5  DATED:    *2-18-08*

6

7                            _____
                                STEPHEN G. LARSON
8                           UNITED STATES DISTRICT JUDGE

9  R&R\07-4730.ado2
   2/8/08

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              2

```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                             FEB - 8 2008

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY                    DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHAD EDWARD KASTLE,                  ) Case No. CV 07-4730-SGL(RC)
                                     )
                Petitioner,          )
                                     )
vs.                                  ) FINAL REPORT AND RECOMMENDATION OF
                                     ) A UNITED STATES MAGISTRATE JUDGE
MIKE S. EVANS (WARDEN),              )
ET AL.,                              )
                                     )
                Respondents.         )
_____)

     This Final Report and Recommendation is submitted to the

Honorable Stephen G. Larson, United States District Judge, by

Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28

U.S.C. § 636 and General Order 05-07 of the United States District

Court for the Central District of California.


                              **BACKGROUND**

                                   I

     On May 26, 2000, in Ventura County Superior Court case no.

CR45410, a judge convicted petitioner Chad Edward Kastle of one count

of first degree burglary in violation of California Penal Code

("P.C.") § 459 and one count of receiving stolen property in violation of P.C. § 496(a), and found true that petitioner had two prior convictions within the meaning of the Three Strikes law, P.C. § 667(b)-(i) and § 1170.12, and a prior serious felony within the meaning of P.C. § 667(a). Lodgment no. 1; Petition, Exh. C. On June 26, 2000, the trial court struck one prior conviction and sentenced petitioner to 14 years and 4 months in state prison under California's Three Strikes law. Lodgment no. 1; Petition, Exh. C. The petitioner did not appeal his conviction or sentence to the California Court of Appeal. Petition at 2.

On November 12, 2006,[1] petitioner filed a petition for writ of habeas corpus in the Ventura County Superior Court, which denied the petition on November 16, 2006. Lodgment nos. 2-3. On December 5, 2006, petitioner filed a habeas corpus petition in the California Court of Appeal, which denied the petition on January 3, 2007. Lodgment nos. 4-5. Finally, on January 10, 2007, petitioner filed a petition for habeas corpus relief in the California Supreme Court, which denied the petition on June 20, 2007, with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998). Lodgment nos. 6-7.

//

---

[1] "Under the 'prison mailbox rule' . . . a prisoner's . . . habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001) (citation omitted); Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." Huizar, 273 F.3d at 1223; Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001).

1                                    II

2         Effective July 4, 2007, petitioner, proceeding pro se, filed the

3    pending petition for writ of habeas corpus under 28 U.S.C. § 2254

4    challenging his conviction and sentence on three grounds,[2] and on

5    December 19, 2007, respondent filed a motion to dismiss the petition,

6    arguing it is untimely.  On January 16, 2008, petitioner filed his

7    opposition to the motion to dismiss.

8

9         On January 18, 2008, this Court filed a Report and Recommendation

10   finding the petition to be untimely and recommending its dismissal on

11   that ground.   On February 4, 2008, petitioner filed objections to the

12   Report and Recommendation, and this Final Report and Recommendation

13   addresses petitioner's objections.   Brown v. Roe, 279 F.3d 742, 745

14   (9th Cir. 2002).

15

16                              DISCUSSION

17        The Antiterrorism and Effective Death Penalty Act of 1996

18   ("AEDPA") worked substantial changes to the law of habeas corpus.

19   Moore v. Calderon, 108 F.3d 261, 263 (9th Cir.), cert. denied, 521

20   U.S. 1111 (1997).  Of specific importance to the petitioner's claims

21   are the revisions made to 28 U.S.C. § 2244(d), which now provides:

22   _____

23        [2]  The grounds petitioner raises in the pending petition
     are: (1) petitioner's guilty plea was not made knowingly or
24   voluntarily with an understanding of the nature of the charges
     against him and the consequences of the plea; (2) petitioner's
25   convictions were obtained by the use of evidence gotten through
     an unconstitutional search and seizure; and (3) petitioner
26   received ineffective assistance of counsel at the preliminary
     hearing wherein defense counsel failed to object to petitioner
27   having his fingerprints taken and failed to move to suppress the
     fingerprints.   Petition at 5-6.
28

                                     3

1    (1)   A 1-year period of limitation shall apply to an

2    application for a writ of habeas corpus by a person in

3    custody pursuant to the judgment of a State court.  The

4    limitation period shall run from the latest of —

5         (A) the date on which the judgment became final by the

6         conclusion of direct review or the expiration of the

7         time for seeking such review;

8                        *     *     *

9    (2) The time during which a properly filed application for

10   State post-conviction or other collateral review with

11   respect to the pertinent judgment or claim is pending shall

12   not be counted toward any period of limitation under this

13   subsection.

14

15   28 U.S.C. § 2244(d).

16

17        The petitioner did not appeal his convictions and sentence to the

18   California Court of Appeal, and the judgment became final 60 days

19   after petitioner was sentenced on June 26, 2000.  See former

20   California Rules of Court, Rule 31(d) (2000); Lewis v. Mitchell, 173

21   F. Supp. 2d 1057, 1060 (C.D. Cal. 2001).  Thus, for petitioner, the

22   statute of limitations began to run on August 26, 2000, and expired on

23   August 27, 2001.[3]

24   //

25   _____

26        [3]  Since August 25, 2001, the 365th day after August 26, 2000, was a Saturday, the date is extended to Monday, August 27,

27   2007.  California Code of Civ. Proc. § 12a(a); former California Rules of Court, Rule 45(a) (2002).  Rule 45(a) was renumbered

28   Rule 8.60 effective January 1, 2007.

4

1    The instant action was not filed until July 4, 2007 -- almost **six**

2  **years** after the statute of limitations ran.  However, this Court must

3  consider whether the statute of limitations was tolled while

4  petitioner's applications for collateral relief were pending in the

5  California courts.  Here, petitioner's recent (2006-07) state habeas

6  corpus petitions have no effect on the AEDPA's statute of limitations

7  because state petitions for post-conviction or collateral relief filed

8  after the statute of limitations has expired neither toll nor revive

9  the expired limitations period.  Jiminez v. Rice, 276 F.3d 478, 482

10 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003); Green v. White,

11 223 F.3d 1001, 1003 (9th Cir. 2000).  Moreover, since petitioner's

12 habeas corpus petition to the California Supreme Court was denied with

13 citation to *Robbins*, which means the Supreme Court rejected the habeas

14 corpus petition as untimely, see Thorson v. Palmer, 479 F.3d 643, 645

15 (9th Cir. 2007) ([T]he California Supreme Court clearly rejected

16 [petitioner's] habeas petition as untimely" when it cited "the very

17 page" of *In re Robbins* "that sets forth 'the basic analytical

18 framework' governing California's timeliness determinations in habeas

19 corpus proceedings."), it was not "properly filed" and would not have

20 tolled the statute of limitations even if it had not already expired.

21 Pace v. DiGuglielmo, 544 U.S. 408, 410, 417, 125 S. Ct. 1807, 1809,

22 1814, 161 L. Ed. 2d 669 (2005); see also Thorson, 479 F.3d at 644

23 ("[B]ecause the California Supreme Court denied [petitioner's] state

24 habeas petition as untimely, [petitioner] was not entitled to tolling

25 while his untimely petition was pending in state court."); Bonner v.

26 Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), amended by, 439 F.3d 993

27 (9th Cir.) ("Under *Pace*, if a state court denies a petition as

28 untimely, none of the time before or during the court's consideration

1   of that petition is statutorily tolled."), <u>cert. denied</u>, 127 S. Ct.

2   132 (2006).

3

4          Finally, there is no basis for this Court to equitably toll

5   AEDPA's statute of limitations.  A habeas petitioner is entitled to

6   equitable tolling "only if extraordinary circumstances beyond a

7   prisoner's control make it impossible to file a petition on time."

8   <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation and

9   internal quotation marks omitted); <u>Espinoza-Matthews v. People of the</u>

10  <u>State of Cal.</u>, 432 F.3d 1021, 1026 (9th Cir. 2005).  The petitioner

11  bears the burden of proving: "(1) that he has been pursuing his rights

12  diligently, and (2) that some extraordinary circumstance stood in his

13  way."  <u>Pace</u>, 544 U.S. at 418, 125 S. Ct. at 1814; <u>Mendoza v. Carey</u>,

14  449 F.3d 1065, 1068 (9th Cir. 2006).  Additionally, the petitioner

15  "must show that the 'extraordinary circumstances' were the but-for and

16  proximate causes of his untimeliness." <u>Spitsyn v. Moore</u>, 345 F.3d

17  796, 799 (9th Cir. 2003) (citations and internal quotation marks

18  omitted); <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006), <u>cert.</u>

19  <u>denied</u> <u>sub</u> <u>nom.</u>, <u>Belleque v. Kephart</u>, 127 S. Ct. 1880 (2007).

20

21         In his objections, petitioner contends "his 'untimeliness' . . .

22  is due to the stalling of the Sentencing Court [in] providing [him]

23  pertinent transcripts. . . ."[4]  Objections at 2.  However, plaintiff

24  has provided absolutely no evidence supporting this claim or

25

26  _____

27      [4]  Although petitioner does not specifically raise this
    claim as the basis for equitable tolling, since petitioner is
28  proceeding pro se, the Court liberally construes this claim to
    raise an equitable tolling ground.

demonstrating his diligence in attempting to obtain the "pertinent transcripts," and plaintiff does not even explain why the transcripts were necessary for him to file his habeas corpus petition; thus, plaintiff's conclusory claim is manifestly insufficient to meet his burden of demonstrating his entitlement to equitable tolling.  See, e.g., Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (petitioner not entitled to equitable tolling due to delay in receiving trial transcript because transcript was not condition precedent to filing suit and petitioner did not identify which claims he was prevented from raising because he lacked transcript); Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir. 2003) (petitioner's conclusory equitable tolling claim is without merit when he provides information necessary to properly address equitable tolling); Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001) (conclusory assertions rarely will suffice to meet burden of demonstrating entitlement to equitable tolling). Moreover, petitioner was present throughout his trial and sentencing,[5] Petition, Exh. C, and surely knew the bases for the pending habeas corpus claims.  See Lloyd v. VanNatta, 296 F.3d 630, 633-34 (7th Cir. 2002) (per curiam) (Petitioner not entitled to equitable tolling due to lack of trial transcript where he "was present at trial and knew the basis on which he could have asserted [his habeas claims]."), cert. denied, 537 U.S. 1121 (2003); Beltre v. United States, 477 F. Supp. 2d 649, 652 (S.D. N.Y. 2007) ("'A petitioner's inability to obtain trial transcripts does not warrant equitable tolling where the transcript is not necessary to develop the claims in the petition.

---

[5]   Although petitioner references a guilty plea in Ground One of his habeas corpus petition, a judge convicted petitioner following a bench trial.  Lodgment no. 1; Petition, Exh. C.

1    . . .'  Because the factual bases for the claims raised in

2    [petitioner's] application were known to him from the time of his

3    sentencing hearing, [petitioner] has not established that his

4    inability to obtain the transcripts warrants equitable tolling."

5    (citations omitted)).

6

7         The petitioner also claims he is actually innocent, although he

8    does not specify whether his actual innocence claim relates to his

9    convictions in this case or his prior convictions.   Objections at 2.

10   An actual innocence claim may constitute an "extraordinary

11   circumstance" warranting equitable tolling under AEDPA, see Souter v.

12   Jones, 395 F.3d 577, 599 (6th Cir. 2005) ("[E]quitable tolling of the

13   one-year limitations period based on a credible showing of actual

14   innocence is appropriate."); Gibson v. Klinger, 232 F.3d 799, 808

15   (10th Cir. 2000) ("Equitable tolling would be appropriate . . . when a

16   prisoner is actually innocent. . . ."), or act as an exception to the

17   statute of limitations.   See United States v. Zuno-Arce, 339 F.3d 886,

18   890 n.5 (9th Cir. 2003) (petitioner's actual innocence claim "is not

19   in itself a constitutional claim, but would serve only to remove the

20   timeliness bar so that claims may be heard on the merits"), cert.

21   denied, 540 U.S. 1208 (2004); O'Neal v. Lampert, 199 F. Supp. 2d 1064,

22   1066-67 (D. Or. 2002) (finding actual innocence exception to AEDPA's

23   statute of limitations).   In either event, "[t]o be credible, [an

24   actual innocence] claim requires petitioner to support his allegations

25   . . . with new reliable evidence . . . that was not presented at

26   trial[,]" and "show that it is more likely than not that no reasonable

27   juror would have found petitioner guilty beyond a reasonable doubt."

28   Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S. Ct. 851, 865, 867, 130

1  L. Ed. 2d 808 (1995); <u>Calderon v. Thompson</u>, 523 U.S. 538, 559, 118

2  S. Ct. 1489, 1503, 140 L. Ed. 2d 728 (1998); <u>see</u> <u>also</u> <u>Griffin v.</u>

3  <u>Johnson</u>, 350 F.3d 956, 963 (9th Cir. 2003) ("[H]abeas petitioners may

4  pass <i>Schlup</i>'s test by offering 'newly presented' evidence of actual

5  innocence."), <u>cert.</u> <u>denied</u>, 541 U.S. 998 (2004).  Moreover, "'actual

6  innocence' means factual innocence, not mere legal insufficiency."

7  <u>Bousley v. United States</u>, 523 U.S. 614, 623-24, 118 S. Ct. 1604, 1611,

8  140 L. Ed. 2d 828 (1998); <u>Souter</u>, 395 F.3d at 590.

9

10     Here, petitioner has not presented nor identified any new

11  evidence that could possibly support his claim of "actual innocence";

12  thus, he has not met his burden, and there is no basis to equitably

13  toll the statute of limitations on this ground.  <u>Sibley v. Culliver</u>,

14  377 F.3d 1196, 1206 (11th Cir. 2004); <u>Allen v. Yukins</u>, 366 F.3d 396,

15  405 (6th Cir.), <u>cert.</u> <u>denied</u>, 543 U.S. 865 (2004); <u>Lucidore v. New</u>

16  <u>York State Div. of Parole</u>, 209 F.3d 107, 114 (2d Cir.), <u>cert.</u> <u>denied</u>,

17  531 U.S. 873 (2000); <u>see</u> <u>also</u> <u>Parrilla-Tirado v. United States</u>, 445

18  F. Supp. 2d 199, 201 (D. P.R. 2006) (rejecting petitioner's

19  "unsupported" actual innocence claim that "allude[d] to no new

20  information suggesting innocence"); <u>Elam v. Caroll</u>, 386 F. Supp. 2d

21  594, 599 (D. Del. 2005) (petitioner's "unsupported and conclusory"

22  allegations of actual innocence do not warrant equitable tolling).

23

24                          **RECOMMENDATION**

25     For the foregoing reasons, IT IS RECOMMENDED that the Court issue

26  an Order: (1) approving and adopting this Final Report and

27  Recommendation; (2) adopting the Final Report and Recommendation as

28  //

1  the findings of fact and conclusions of law herein; and (3) entering

2  Judgment dismissing the petition and action as untimely.

3

4  DATE: _____February 8, 2008_____          _____ROSALYN M. CHAPMAN_____

5                                                 ROSALYN M. CHAPMAN
                                                   UNITED STATES MAGISTRATE JUDGE

6  R&R\07-4730.R&R2
   02/08/08

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28